IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUANITA RAMIREZ, personally and as the Personal Representative of the ESTATE OF ESTEVAN RAMIREZ, | § § § § § § § § § § § § | |
| *Plaintiff*, | | CIVIL ACTION NO. 4:22-cv-00930 |
| v. | | COMPLAINT AND JURY DEMAND |
| CITY OF LAKE WORTH, TEXAS and JONATHAN GRANADO, | | |
| *Defendants*. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUANITA RAMIREZ, personally and as the Personal Representative of the ESTATE OF ESTEVAN RAMIREZ, complaining of CITY OF LAKE WORTH, TEXAS ("the City") and JONATHAN GRANADO ("Granado"), and for cause would respectfully show the Court as follows:

### I.    NATURE OF THE ACTION

1. On September 3, 2021, Estevan Ramirez ("Decedent") was shot 7 times in the back by City of Lake Worth police officer Jonathan Granado.

2. This is an action brought by Plaintiff against Defendants, City of Lake Worth, Texas, and Jonathan Granado for their use of excessive force under the color of state law resulting in the unjustified shooting death of Plaintiff's son, Estevan Ramirez, and a violation of his rights under the Fourth Amendment of the United States Constitution secured pursuant to 42 U.S.C. § 1983.

3. Plaintiff alleges that the City of Lake Worth and its Policymakers, specifically Mayor Walter Bowen, the Lake Worth City Council, and Chief of Police J.T. Manoushagian, failed to properly train, supervise, screen, discipline, transfer, counsel, or otherwise properly equip and control their police officers, including those who are known, or who should have been known, to engage in the use of excessive force. Further, the City of Lake Worth failed to properly implement training and policies governing the appropriate use of lethal and non-lethal force on members of the public.

4. The Policymakers had a duty, but failed to implement and/or enforce policies, practices and procedures for the Lake Worth Police Department ("LWPD") that respected Decedent's constitutional rights and protection under the law. This duty was delegated to Chief Manoushagian to carry out the actions and policies of the Mayor and City Council by overseeing the day-to-day operation of the LWPD.

5. The City and its Policymakers' failure to adequately supervise, discipline, and train Granado, failure to implement the necessary policies and procedures, and affirmative implementation of unconstitutional policies caused Decedent's unwarranted and excruciating physical and mental anguish, injuries, and death.

6. Granado acted in an objectively unreasonable manner and disregarded the rights of Decedent, knowing that the City and Policymakers would approve and/or ratify his actions.

7. For these civil rights violations and other causes of action discussed herein, Plaintiff seeks redress and compensation for damages in the unjustified shooting death of her son, Estevan Ramirez.

## II.   PARTIES

8. Plaintiff, JUANITA RAMIREZ, is an adult individual and resident of Tarrant County, Texas.

9. Defendant, CITY OF LAKE WORTH, TEXAS, is a governmental entity duly organized and existing under the laws of the State of Texas. The City of Lake Worth funds and operates the Lake Worth Police Department ("LWPD"), which, along with the Lake Worth City Council, Lake Worth City Manager's office and Chief Manoushagian, are responsible for the implementation of the LWPD's budget, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. The LWPD is also responsible for preventive, investigative, and enforcement services for all citizens of the City of Lake Worth. All actions that form the basis of this lawsuit were performed pursuant to policies and procedures, customs and practices of Defendant, the City of Lake Worth. The City may be served with citation herein by and through its City Manager, Stacey Almond, at 3805 Adam Grubb, Lake Worth, TX 76135.

10. Defendant, JONATHAN GRANADO, is an individual residing in Tarrant County, Texas, and at all times relevant to this Complaint, was a police officer with the Lake Worth Police Department. At all times material hereto, GRANADO was acting under color of law. GRANADO is being sued in his individual capacity. GRANADO may be served at his former place of employment at the Lake Worth Police Department at 3805 Adam Grubb, Lake Worth, TX 76135 or wherever he may be found.

### III. JURISDICTION AND VENUE

11. Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of the Fourth

Amendment rights of J.C. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

12. Venue is proper in this Court as Defendants' constitutional violations and intentional torts and otherwise violative conduct occurred within the Northern District of Texas, Fort Worth Division.

### IV. FACTUAL BACKGROUND

The Shooting of Decedent Estevan Ramirez

13. On or about September 3, 2021, Decedent Estevan Ramirez was shot to death by Lake Worth police officer Defendant Jonathan Granado during a traffic stop. At the time that Decedent was shot by Granado, he did not pose a threat to Granado, any other officer, or any member of the public.

14. On information and belief, Decedent was in a vehicle with three other individuals at the time the vehicle was being pulled over in Lake Worth, Texas for allegedly speeding.

15. The vehicle containing Decedent did not pull over and a pursuit ensued between LWPD and the vehicle carrying Decedent.

16. The vehicle carrying Decedent eventually crashed into a curb. After the crash, the occupants of the vehicle, including Decedent, exited the vehicle and attempted to run away on foot from police officers.

17. As Decedent was attempting to run away, he became entangled with an officer and a struggle ensued.

18. After Decedent was able to free himself from the officer's grasp, Decedent began to run away on foot away from the unidentified officer and also from Defendant Granado who had witnessed the altercation.

19. As Decedent was running away, Defendant Granado unholstered his service weapon and aimed it at Decedent before firing multiple shots at Decedent's back. Decedent was shot at least 4 times as he was running away from officers and Defendant Granado.

20. Many of the gunshot wounds, if not all of the gunshot wounds, show that Decedent was shot in the back of the head, back of the left shoulder, back of the upper right shoulder, and back of the right shoulder.

21. At the time he was shot to death, Decedent was carrying a weapon. However, Decedent was not pointing the weapon at Defendant Granado, any other officer, or any member of the public at the time of his death.

22. At the moment he was first shot, Decedent did not move towards an officer, nor did he threaten any officer before being shot multiple times.

23. When Defendant Granado shot Decedent, Decedent was fleeing on foot and not in a vehicle.

24. Defendant Granado's use of deadly force was not justified because Decedent was running away from Defendant Granado and was not pointing a weapon at Defendant Granado or any other person.

25. Decedent could have again been safely apprehended rather than shot to death because multiple officers were aware of the pursuit of the vehicle containing Decedent.

26. Defendant Granado subsequently resigned from the LWPD.

Failure of the City of Lake Worth and the Lake Worth Police Department

27. Defendant Granado has a history of use of excessive force as a police officer. Despite this history, the City and the LWPD continued to employ Defendant Granado which led to the incident of Decedent's death.

28. On November 23, 2020, Defendant Granado ran over Dustin Bates in his LWPD SUV. At the time of the assault, Bates was running away on foot and did not pose any threat to Defendant Granado or any other person. Bates was seriously injured as a result of Granado's use of excessive force.

29. Defendant Granado was punished by the LWPD and Chief Manoushagian for this excessive force incident because he violated department policies. However, Defendant Granado was permitted to continue his employment with the LWPD.

30. Granado was subsequently sued in federal court by Bates for his use of excessive force.

31. Six months after that excessive force incident, Defendant Granado shot and killed Decedent as he was running away from him.

32. Chief Manoushagian commented on giving Defendant Granado another opportunity to serve by stating, "I stand by my decision to preserve the officer's job and to give him a chance… We have all made mistakes, and we understand that our mistakes carry a heavier weight. And that's not lost on us. But in this case, I believed the officer deserved a second chance and to come back better."

<u>Wrongful Death Action</u>

33. Plaintiff, as personal representative of the Estate of Estevan Ramirez, deceased, hereby brings wrongful death claims in the counts *infra* pursuant to 4 Tex. Civ. Prac. & Rem. § 71.001 et seq. ("the Texas Wrongful Death Statute"), on behalf of those persons entitled by law to recover damages as a result of the wrongful death of Estevan Ramirez.

34. Plaintiff claims all available damages under the Texas Wrongful Death Statute for financial contributions and the loss of future services, support, society, comfort, affection, guidance, tutelage, and contribution that the Plaintiff's decedent, Estevan Ramirez, would

have rendered to the wrongful death beneficiaries but for his traumatic, untimely and unnatural death.

35. Plaintiff claims damages for payment for all medical bills and/or expenses.

36. Plaintiff claims damages for payment of funeral and burial expenses.

Survival Action

37. Plaintiff also brings Survival claims in the Counts described *infra* under the Texas Survival Statute, 4 Tex. Civ. Prac. & Rem. § 71.021 et seq. ("the Texas Survival Statute"), for all damages recoverable under the Statute, including but not limited to, loss of income both past and future income potential, as well as pain and suffering prior to death, and for emotional distress suffered by Plaintiff's decedent, Estevan Ramirez, from the initiation of the use of force upon him until the ultimate cause of his death.

## V. CAUSES OF ACTION

### *COUNT I – 42 U.S.C. § 1983 EXCESSIVE FORCE*
### PLAINTIFF AGAINST DEFENDANT GRANADO

38. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

39. Plaintiff would show that Decedent was killed as a direct result of Granado's use of force that was clearly excessive and the excessiveness of which was clearly unreasonable. That is, Defendant Granado, without justification and the need to do so, used excessive force as described above and killed Decedent without legal justification.

40. Defendant Granado's use of force was clearly excessive and clearly unreasonable because Decedent never made any threatening gestures toward Defendant as he was running away and did not pose an immediate threat to the safety of Granado or others as he was running away.

41. The excessive and deadly force used by Defendant Granado was not reasonable or

justified, nor was it necessary under the circumstances.

42. Defendant Granado's actions were not objectively reasonable because Decedent did not pose an immediate risk of serious physical harm to Granado or any other person as he was running away from Granado.

43. Defendant embarked on a willful, malicious, reckless, and outrageous course of conduct that was intended to cause and, in fact, caused Decedent to suffer extreme and severe mental and emotional distress, agony and anxiety.

44. It has long been clearly established that, absent any other justification for the use of force, it is unreasonable for a police officer to use deadly force against a fleeing felon who does not pose a sufficient threat of harm to the officer or others.

## *COUNT II – 42 U.S.C. § 1983 MUNICIPAL LIABILITY*
**PLAINTIFF AGAINST DEFENDANT CITY OF LAKE WORTH**
<u>Unconstitutional Custom, Policy, or Practice</u>

45. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

46. The actions of Defendant Granado, which resulted in the death of Estevan Ramirez, were done pursuant to one or more interrelated *de facto* as well as explicit policies, practices, and/or customs of the Defendant City of Lake Worth.

47. On and for some time prior to September 3, 2021 (and continuing to the present date) Defendant City deprived Decedent of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendant and their supervising, and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, knowingly maintained, enforced and applied an official policy recognized by the City and LWPD.

48. Defendant Granado acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the City and LWPD.

49. Defendant City, together with the LWPD and other Policymakers, including the City Council and supervisors maintained, inter alia, the following unconstitutional customs, practices, and policies:

   a. Using excessive force;

   b. Providing inadequate training regarding the use of force;

   c. Providing inadequate training regarding the de-escalation of force;

   d. Employing and retaining as law enforcement officers those who Defendant City and LWPD, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens through excessive use of force;

   e. Inadequately supervising, training, controlling, assigning and disciplining law enforcement officers who Defendant knew, or in the exercise of reasonable care, should have known had the aforementioned propensities and character traits;

   f. Employing and retaining officers who have been known to be abusive;

   g. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by those who are law enforcement officers;

   h. Failing to adequately discipline law enforcement officers for the above-referenced categories of misconduct and discipline that is so slight that is tantamount to encourage misconduct;

   i. Having a *de facto* policy of "shoot first and ask questions later;"

    j.    Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant was affirmatively linked to, and were a significantly influential force behind the unjustified shooting death of Estevan Ramirez.

### *COUNT III – 42 U.S.C. § 1983 MUNICIPAL LIABILITY*
**PLAINTIFF AGAINST DEFENDANT CITY OF LAKE WORTH**
**<u>Failure to Train</u>**

50. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

51. The City is liable for all damages suffered by Plaintiff pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and 42 U.S.C. § 1983 based on an official policy or custom of the City of which the Policymakers all had actual or constructive knowledge that was a moving force behind the constitutional violations alleged herein.

52. The conduct of Defendant Granado as set forth in the preceding paragraphs evinces the excessive and unreasonable use of force in violation of Decedent's constitutional rights.

53. The conduct set forth supra evinces a custom of using excessive or improper force, a lack of policies and training instructing deputies on the appropriate manner in which to handle individuals through non-lethal tactics, the use of deadly force, and pursuit of fleeing suspects.

54. With respect to the claims made the basis of this lawsuit, the City failed to adequately train, supervise or discipline its employees regarding the unnecessary use of excessive force. The failure to train, supervise or discipline its employees in a relevant respect reflects a deliberate indifference on City to the rights of the City's inhabitants and is actionable under 42 U.S.C. § 1983.

55. Defendant developed and maintained a policy of deficient training of its police force in the appropriate use of force against suspects who are fleeing and/or suspects not resisting. The Defendant's training is designed and implemented to act in this regard.

56. For instance, the following conduct, policies, and customs, *inter alia*, by Defendant City violated Decedent's constitutional rights:

    a. The inadequacy of Defendant's policies, training, supervision or discipline relating to the use of excessive force;

    b. The inadequacy of Defendant's policies, training, supervision or discipline relating to the use of non-lethal force and tactics;

    c. The inadequacy of Defendant's policies, training, supervision or discipline relating to pursuing fleeing suspects;

    d. The adoption of completely subjective continuum of force policy that can be expressly avoided, and which leaves the use of excessive force exclusively to the unchecked discretion of officers on the scene;

    e. The adoption of a policy that allows officers to use the degree of force that the officer feels brings the situation quickly under control as per his or her individual judgment even if that method is excessive force;

    f. Lack of training in regard to effective communication with citizens while giving them commands and determining their compliance; and

    g. Using excessive force against Decedent although he caused no immediate threat;

57. Defendant's failure to properly train, supervise and discipline its police officers regarding the use of force was the proximate cause of the violation of Decedent's constitutional rights.

## *COUNT IV – 42 U.S.C. § 1983 MUNICIPAL LIABILITY*
**PLAINTIFF AGAINST DEFENDANT CITY OF LAKE WORTH**
**<u>Failure to Supervise and/or Discipline</u>**

58. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

59. On Plaintiff's governmental liability claim against the City for failing to supervise and/or discipline its officers for prior violations and the resulting lack of supervision:

    a. Defendant failed to adequately supervise and/or discipline its employees in handling usual and recurring situations with which they deal;

    b. Defendant was deliberately indifferent to the need to supervise and/or discipline its officers and/or employees adequately;

    c. The failure to adequately supervise and/or discipline its officers proximately caused the deprivation of Decedent's constitutional rights; and

    d. Defendant failed to adequately supervise and/or discipline Defendant Granado for shooting and killing Decedent for no lawful reason, resulting in Plaintiff's damages.

    e. Defendant failed to adequately supervise and/or discipline and terminate Defendant Granado following his use of excessive force against Dustin Bates in November 2020.

60. Despite having knowledge of the violations of the policies and other best police practices as described above, Defendant City failed and/or refused to adequately discipline Defendant Granado. Defendant was well aware of the behavior of the officer but failed to take any actions until Granado resigned from the LWPD. Defendant's failure to adequately supervise and/or discipline its officer was therefore the moving force behind Plaintiff's damages.

## VI. DAMAGES

61. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

62. **Actual damages.** Defendants' acts and/or omissions were a proximate cause and the moving force behind the following actual damages suffered by the Plaintiff and Defendants should be held jointly and severally liable for the following damages:

    a. **Excessive Force**
        i. Actual Damages;
        ii. Disfigurement;
        iii. Conscious pain and mental anguish suffered by Estevan Ramirez;
        iv. Mental anguish and emotional distress sustained as a result of Defendant Granado's use of excessive force.

**Punitive/Exemplary Damages against all Defendants.** Punitive/exemplary damages are recoverable under section 1983 when the conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. Here, the conduct of the Defendants was done with evil motive or intent, or at the very least, was reckless or callously indifferent to the federally protected rights of the Plaintiff. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future.

63. Prejudgment and post judgment interest.

64. Costs of court.

65. Reasonable and necessary attorney's fees incurred by the Plaintiff through trial, and reasonable and necessary attorney's fees that may be incurred by Plaintiff for any post-trial proceedings, or appeal, interlocutory or otherwise, pursuant to 42 U.S.C. § 1988.

66. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## VII.   TRIAL BY JURY

67. Plaintiff respectfully requests trial by jury.

## VIII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recover judgment from Defendants; actual damages, exemplary damages, punitive damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully Submitted,

*/s/ Blerim Elmazi*
Blerim Elmazi, Esq.
State Bar No. 24118375
THE LAW OFFICES OF BLERIM ELMAZI
8111 LBJ Freeway, Suite 790
Dallas, TX 75251
Telephone: (817) 438-0123
Blerim@ElmaziLaw.com

*/s/ Shayan Elahi*
Shayan Elahi, Esq.
State Bar No. 24080485
ELAHI LAW & MEDIATION FIRM
8111 LBJ Freeway, Suite 790
Dallas, TX 75251

Telephone: (972) 765-6715
Shayan@Elahilawfirm.com

**ATTORNEYS FOR PLAINTIFF**